THE STATE OF KANSAS v. C. A. ZIMMERMAN.
NO. 310.

1. EVIDENCE—*Improper Cross-Examination.*   It is error to present a witness to be examined on cross-examination in regard to matters collateral to the main issue and which have not been touched upon in the direct examination of such witness.

2. ——— *Rebuttal to Improper Cross-Examination.*   Where a witness is examined upon his cross-examination with regard to matters which are immaterial to the issue in the case, the party so examining the witness is bound by his answer, and cannot afterward be permitted to introduce testimony in rebuttal to contradict such statements of the witness.

MEMORANDUM.— Appeal   from   Crawford   district court; J. S. WEST, judge.   Defendant, C. A. Zimmerman, was convicted of an assault and battery.   He appeals.   Reversed.   The opinion herein, filed December 4, 1895, states the material facts.

*Fuller & Randolph,* and *J. D. McCleverty,* for appellant.

*W. H. Morris,* county attorney, for The State.

The opinion of the court was delivered by

COLE, J.: The defendant was convicted in the district court of Crawford county of an assault and battery alleged to have been committed on one Willard Kimball.   He appeals to this court upon the ground,

principally, that the trial court permitted the introduction of certain incompetent evidence on the part of the state, over the objection of the defendant, the admission of which was prejudicial to the defendant's rights. The first objection raised by the defendant was to the admission of the details of the assault as related by the prosecuting witness, and the testimony of Doctor Cole with reference to the physical condition of the prosecuting witness shortly after the assault. It appears that the actual assault was committed by two sons of the defendant, and it was not claimed by the state that this defendant participated therein, but it was claimed that he was present and consented thereto, and abetted his sons in the commission thereof. The defendant now claims that the evidence above referred to was incompetent, for the reason that the assault was admitted and that the evidence of the details as well as of the condition of the defendant after the commission thereof could only have a tendency to prejudice the jury against him. This position is not correct. The defendant had entered a plea of not guilty, and the record nowhere discloses that any admission was made that an assault had been committed upon the prosecuting witness. It was therefore incumbent upon the state to prove every material allegation of the complaint, and it was perfectly proper for the court to admit testimony tending to prove the condition of the defendant as showing the gravity of the offense.

The next objection which is urged by the defendant is, that the court permitted the state to introduce upon rebuttal the evidence of John Sweeny and William Getty, tending to prove that the defendant was present, as stated by the prosecuting witness. It is claimed by the defendant that this was evidence in

chief and ought not to have been admitted at the time it was, over his objection. The order of proof is to a great extent a matter of discretion with the trial.court. In this case, however, these two witnesses were not introduced for the purpose alleged by the defendant. The defendant was a witness in his own behalf, and testified that he had not seen his two sons who committed the assault from some time in the morning until supper time on the day in which the assault was committed, and the testimony of the witness Sweeny and the witness Getty tended to establish the fact that he saw and conversed with the two sons a short time prior to the commission of the assault. The fact that this evidence also tended to prove that defendant was present when the assault was committed could not make it incompetent for the purpose for which it was offered.

The next objection is, that the witness William Cochran was asked upon cross-examination whether he had not stated that the Zimmerman boys had said at supper, the evening of the day of the assault, that they had pounded Willard Kimball, and whether he did not tell one Henry Bales that he, the witness, and the defendant stood by and saw all of the fight. The defendant claims that these questions elicited evidence which was neither relevant nor competent; but we cannot agree with the position in this regard. The witness William Cochran had testified upon direct examination that he was present at the house of the defendant upon the evening of the assault during the whole of the time when the family were having supper, and that during said time the two sons of the defendant, who committed the assault, came in and sat down to supper, but that no conversation took place as to the assault at any time during the evening. He

had also testified upon his direct examination that the defendant and himself were at another place than that where the assault was committed at the time when it was committed. It was therefore competent to ask him upon cross-examination if he had not made statements of a different character outside of court.

We come now to what seems the most serious objection in this case. The defendant produced as a witness in his behalf one Frank Cochran, and his testimony upon his direct examination was directed wholly to the details of a trip taken by himself and the defendant upon the day of the assault to the town of Hepler, from which place the witness testified they returned about 6 o'clock. Upon cross-examination he was asked if he did not tell Mr. Perkey that his brother, William Cochran, had told him that he, William Cochran, and the defendant were present and witnessed the assault, and upon being recalled for further cross-examination he was asked if he did not tell Oscar Long the same in substance. These questions were objected to by the defendant at the time, and we can see no reason why the witness was permitted to answer them. The evidence thus elicited was not material to the assault and ought not to have been permitted. In connection with this, the defendant further complains that the state was permitted upon rebuttal to introduce, over his objection, the evidence of Mr. Perkey and Oscar Long to contradict to testimony given by Frank Cochran in answer to the question above referred to. The principle is so well settled as to become elementary in its nature, that a party is bound by the answers made upon cross-examination on matters not material to the issue and cannot be permitted to introduce evidence for the purpose of contradicting testimony of that character. The

court erred in admitting the testimony of the witnesses Perkey and Long, and under all the evidence in this case we are of the opinion that such error was prejudicial to the rights of the defendant.

The defendant further complains that the charge of the court to the jury was not sufficiently full for a criminal case. While we are of the opinion that the court might have been more specific, yet the defendant is in no position to complain, as he might have presented proper instructions of the kind desired for the court to give, and where this is not done we cannot presume that the rights of the defendant were prejudiced, when the charge which was given correctly stated the law.

For the error in admitting the testimony of the witnesses Perkey and Long, as well as permitting the witness Frank Cochran to testify upon immaterial matters upon cross-examination, the judgment of the lower court must be reversed, and the cause remanded for a new trial. It is so ordered.

All the Judges concurring.